UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| M.T.C. CONSTRUCTION, INC., D/B/A<br>K. BATES STEEL SERVICES, INC., | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | Case No. 4:05CV00967 AGF |
| UNITED STATES DEPARTMENT<br>OF TRANSPORTATION, | )<br>)<br>) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's motion to dismiss for lack of jurisdiction.[1] Plaintiff, a Missouri corporation, alleges in its five-count complaint that Defendant denied Plaintiff's appeal of the decision by the Illinois Department of Transportation denying Plaintiff's Uniform Certification Application. Plaintiff alleges that it filed the application with the intention of obtaining certification as a Disadvantaged Business Enterprise ("DBE"). Under the heading "Jurisdiction and Venue," Plaintiff states that the matter arises under 5 U.S.C. § 702 (the Administrative Procedure Act) ("APA").

In Count I, Plaintiff seeks a declaratory judgment that Defendant's denial of Plaintiff's appeal was unsupported by substantial evidence. Counts II and III are entitled "Substantive Due Process" and "Procedural Due Process," respectively. Each of these two counts claims that Defendant's denial of Plaintiff's appeal was inconsistent with the substantive and procedural provisions of 49 C.F.R. Part 26 regarding DBE certification.

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

Count IV claims that Defendant's denial of the appeal violated Plaintiff's equal protection rights.  In this count, Petitioner alleges that "[u]pon information and belief," Defendant approved other applications for DBE certification with qualifications similar to Plaintiff's, and that the denial of Plaintiff's appeal "was intentional selective treatment based on impermissible considerations."  The last count of the complaint, Count V, asserts a claim under 42 U.S.C. § 1983, contending that Defendant was acting "under color of law" when it improperly denied Plaintiff's appeal.  In each count, Plaintiff seeks an injunction directing Defendant to approve Plaintiff's appeal.  In Counts II through V, Plaintiff also seeks damages.

For dismissal of the complaint, Defendant argues that Plaintiff fails to assert a proper basis for subject matter jurisdiction, because the only basis asserted was the APA, and the APA does not provide an independent basis for subject matter jurisdiction.  Plaintiff responds that its complaint is based upon the violation of its federal statutory and constitutional rights, and that thus federal question jurisdiction exists under 28 U.S.C. § 1331.  Plaintiff states that if necessary, it would amend its complaint to specify that jurisdiction arises under both 28 U.S.C. § 1331 and 5 U.S.C. § 702.  Defendant has not filed a reply.

It is true that the APA does not provide an independent basis for jurisdiction.  See Califano v. Sanders, 430 U.S. 99, 104-05 (1977).  Similarly, the Declaratory Judgment Act does not in itself confer jurisdiction over a claim.  Missouri ex rel. Mo. Highway & Transp. Comm'n v. Cuffley, 112 F.3d 1332, 1334 (8th Cir. 1997).  It may well be that this Court has subject matter jurisdiction, at least over part of Plaintiff's complaint, under 28 U.S.C. § 1331, the general federal question jurisdiction statute, coupled with the waiver of sovereign immunity found in the APA.  However, Plaintiff's

complaint consists of several counts, each asserting another basis for relief, and it is not at all clear that the same basis for subject matter jurisdiction exists, if at all, for each count.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **GRANTED** in part and **DENIED** in part. [Doc. #7]

**IT IS FURTHER ORDERED** that Plaintiff shall have up to and including November 18, 2005, to file an amended complaint properly asserting a jurisdictional basis for each count. Failure to do so shall result in dismissal of this action without prejudice. Defendant shall have 20 days thereafter to file a responsive pleading.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of November, 2005.